The document below is hereby signed.

Signed: August 23, 2019



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATIONAL EMERGENCY MEDICINE | ) | Case No. 19-00026 |
| ASSOCIATION, | ) | (Chapter 7) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter |

<u>MEMORANDUM DECISION AND ORDER RE DISTRIBUTION OF SURPLUS FUNDS</u>

The chapter 7 trustee in this case anticipates that, after all creditors are paid, including trustee commission and administrative attorneys' fees, a surplus will exist. The debtor is a 26 U.S.C. § 501(c)(3) tax-exempt entity, and 26 C.F.R. § 1.501(c)(3)-1(b)(4) sets forth requirements for qualifying as a § 501(c)(3) entity insofar as how assets would be distributed upon dissolution. The trustee notes two tax-exempt entities that have tax-exempt purposes similar to the debtor's and he proposes (Dkt. No. 38) to file tardy proofs of claim on behalf of those two entities and then distribute the surplus to them pursuant to those proofs of claim.

There are three problems with the trustee's proposal. First, it is not clear that the debtor is undergoing a

dissolution. No facts in that regard have been stated. A § 501(c)(3) organization might file a chapter 7 case without intending to dissolve itself.

Second, the trustee has not pointed to any source dictating how the assets, upon dissolution, are to be distributed. The regulation upon which the trustee relies, 26 C.F.R. § 1.501(c)(3)-1(b)(4), provides:

> (4) Distribution of assets on dissolution. An organization is not organized exclusively for one or more exempt purposes unless its assets are dedicated to an exempt purpose. An organization's assets will be considered dedicated to an exempt purpose, for example, if, upon dissolution, such assets would, by reason of **a provision in the organization's articles or by operation of law**, be distributed for one or more exempt purposes, or to the Federal Government, or to a State or local government, for a public purpose, or would be distributed by a court to another organization to be used in such manner as in the judgment of the court will best accomplish the general purposes for which the dissolved organization was organized. However, an organization does not meet the organizational test if its articles or the law of the State in which it was created provide that its assets would, upon dissolution, be distributed to its members or shareholders.

[Emphasis added.] The trustee has failed to point to the provision in the debtor's articles or under state law pursuant to which the assets would be distributed to one or more exempt purposes upon a dissolution. Such a provision might dictate distribution of assets on dissolution to entities different from what the trustee has proposed.

Third, the trustee seeks permission to file proofs of claim on behalf of the two exempt organizations that he proposes will

2

receive the funds. He would then make distributions to them pursuant to their proofs of claim as allowed tardy claims. *See* 11 U.S.C. § 726(a)(3). However, these entities are *not creditors*. If some provision in the debtor's articles or under state law authorizes the trustee to make payment to these entities, such payments to them would not be payments to them as creditors in the bankruptcy case and should not be administered through the claims process. *See* 11 U.S.C. § 501 (describing proofs of claim as being filed by or on behalf of creditors or indenture trustees).

The court further notes that under 11 U.S.C. § 326(a), the trustee's fee is limited to a percentage of distributions to parties in interest. Accordingly, unless the recipients of surplus funds are "parties in interest," the trustee would not be entitled to any fee for distributing the funds to these entities, although his counsel may be entitled to recover reasonable attorney's fees in investigating the legal issue of how the surplus funds must be distributed. The court has not had opportunity to address whether a recipient of surplus funds similarly-situated to the proposed non-profit recipients should be treated as parties in interest such that the trustee's distribution of funds to them would entitle him to a fee. Therefore, if the trustee seeks a fee for the distribution of funds to non-profit entities other than the debtor, he should

show cause incident to seeking such why they ought to be treated as parties in interest.

It is thus

ORDERED that within 21 days of the entry of this order, the trustee and any other interested parties (including the debtor, the U.S. Trustee, and the D.C. Attorney General's Office) may file a response to this order addressing (1) whether there has been a dissolution of the debtor, (2) setting forth any provisions in the debtor's articles or state law governing the distribution, upon a dissolution of the debtor, of the surplus funds in the bankruptcy estate of the debtor, and (3) the identity of the entity or entities that would be entitled to the surplus funds if there has been a dissolution of the debtor.  It is further

ORDERED that the trustee's request to file proofs of claim on behalf of the two § 501(c)(3) entities to which the trustee has proposed distributing the surplus funds is DENIED.

[Signed and dated above.]

Copies to: E-recipients; Office of the United States Trustee;

Nancy L. Alper
Assistant Attorney General
441 Fourth Street, N.W., Suite 1010S
Washington, DC 20001

Nancy L. Alper (Via E-Mail to: nancy.alper@dc.gov
with the subject matter denoted to be "Bankruptcy Court's Memorandum Decision and Order re Distribution of Surplus Funds (Case No. 19-00026)")