The document below is hereby signed.

Signed: April 6, 2020



*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| NATIONAL EMERGENCY MEDICINE | ) | Case No. 19-00026 |
| ASSOCIATION, | ) | (Chapter 7) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER
GIVING NOTICE OF THE OPPORTUNITY BY APRIL
28, 2020, TO OPPOSE THE TRUSTEE'S COLLECTING
A 5% COMMISSION WITH RESPECT TO THE DISBURSEMENT
OF THE ESTATE'S SURPLUS FUNDS TO THREE NONPROFIT ENTITIES

The court has directed that, in lieu of the debtor (which is to be dissolved), three nonprofit entities, (1) Headwaters Relief Organization Incorporated, (2) HOPE Animal-Assisted Crisis Response, and (3) Joseph's House, Inc., shall receive the surplus estate funds remaining in this case after payment of allowed claims of creditors and allowed administrative claims. In his *Interim Trustee's Final Report* filed on March 10, 2020 (Dkt. No. 69),[1] Bryan S. Ross, the trustee in this case under Chapter 7 of

---

[1] It appears that the document is called an *Interim Trustee's Final Report* because there are certain administrative claims for professional fees that are being sought and that, if allowed, would have to be paid.

the Bankruptcy Code (11 U.S.C.), proposes that he will receive a 5% commission with respect to the disbursement of surplus funds to the three nonprofit entities.  Under 11 U.S.C. § 326(a), a trustee is entitled to a commission "upon all moneys disbursed or turned over in the case by the trustee to **parties in interest, excluding the debtor,** but including holders of secured claims." (Emphasis added.)

Ross's proposal that he receive a 5% commission on the distribution of surplus funds to the three nonprofit entities necessarily presupposes that the three nonprofit entities are not deemed to stand in the shoes of the debtor (whose receipt of distributions are not subject to a trustee's commission).  If the debtor received the surplus funds and then dissolved and distributed the surplus funds to the three nonprofit entities, Ross would not be entitled to a commission on the distribution of surplus funds to the debtor.  Instead of the debtor dissolving only *after* surplus funds are distributed, it is contemplated that the debtor will first dissolve and then Ross will disburse funds to the three nonprofit entities.  Ought that make a difference with respect to whether Ross is entitled to a 5% commission on disbursement of the surplus proceeds?

What is at stake if Ross is allowed a 5% commission on surplus funds is that the three nonprofits would probably receive at least $5,000.00 less in the aggregate than they would

otherwise.[2]  I have not yet decided whether Ross is entitled to such a commission on surplus funds.  In fairness to Ross, I did not previously suggest that the issue was whether the three nonprofit entities should be treated as standing in the shoes of the debtor, but instead suggested the issue was whether the nonprofit entities could be treated as "parties in interest."  For reasons that follow, I will set a deadline for any objections to Ross's proposal that he receive such a commission on surplus funds, with Ross to then have an opportunity to address whether the nonprofit entities should be treated as standing in the shoes of the debtor such that no commission can be charged on the distribution of surplus funds to the nonprofit entities.

   The court's *Memorandum Decision and Order re Distribution of Surplus Funds* (Dkt. No. 45) entered on August 23, 2019,

---

   [2] The trustee's *Report* includes a line entry indicating that net of a 5% commission, surplus funds are $130,091.09, which equals $136,937.99 in surplus funds reduced by a 5% commission of **$6,846.90**.  However, the final amount of surplus funds will turn on:

   (1) the amount of interest paid on allowed claims of creditors pursuant to 11 U.S.C. § 726(a)(5) (proposed by the *Report* to be at 2.67% per annum) which would equal almost $16,000.00 if the trustee pays claims by April 9, 2020; and

   (2) the extent to which the court grants a pending application of Ross's special counsel for allowance of an administrative claim of $19,658.20.

If those amounts are allowed and paid out, that should leave roughly $101,279.79 in surplus proceeds on hand, and a 5% commission on that would be **$5,063.99.**

identified essentially two issues:

>    (1) who ought to receive the surplus funds; and
>
>    (2) whether the Chapter 7 trustee was entitled to treat the nonprofit entities receiving surplus funds as "parties in interest" under 11 U.S.C. § 326(a) such as to entitle the trustee to a 5% commission on the distribution of surplus funds, thereby reducing the amount of surplus funds distribute to the nonprofit entities.

The *Memorandum Decision and Order* directed that "if the trustee seeks a fee for the distribution of funds to non-profit entities other than the debtor, he should show cause **incident to seeking such** why they ought to be treated as parties in interest." (Emphasis added.)

The court served that *Memorandum Decision and Order re Distribution of Surplus Funds* on the Office of the Attorney General of the District of Columbia and asked that Office to respond, if it wished, to the issue of what nonprofit entities ought to receive surplus funds but did **not** ask that Office to respond regarding the issue of whether Ross was entitled to a 5% commission on the surplus funds.  The issue was premature for anyone to address until Ross sought compensation for making distributions to the non-profit entities.

On January 15, 2020, Ross filed his *Response to Memorandum Decision and Order re Distribution of Surplus Funds* (Dkt. No. 59) setting forth the three nonprofit entities chosen to receive the surplus funds and setting arguments in favor of treating these

4

recipients of surplus funds as "parties in interest" such as to entitle Ross to a 5% commission on the distribution of the surplus funds.  However, Ross did not serve his *Response* on the Office of the Attorney General of the District of Columbia or any of the three nonprofit entities.

Ross's *Response* also represented that Ross's responses regarding the three entities chosen to receive surplus funds were made:

> with consent from the representatives of the United States Trustee Office ("USTO") and the Office of the Attorney General for the District of Columbia, Public Integrity Section ("DCOAG"), who were engaged to provide an independent review of the decisions made and confirm the absence of any appearance of impropriety.

*Response* at 1.

On January 15, 2020, Ross also filed his and the U.S. Trustee's *Joint Motion to Approve Dissolution of Debtor and Distribution of Surplus Funds*, seeking an order directing that the three specified nonprofit entities were to receive any surplus funds.  Ross served the *Joint Motion* on the Office of the Attorney General of the District of Columbia and three nonprofit entities.  However, the *Joint Motion* did not indicate that Ross would later be seeking to claim a commission of 5% on the distributions of the surplus funds to the three nonprofit entities.

In his *Interim Trustee's Final Report*, Ross finally formally requested approval of a 5% commission on the surplus funds.  Ross

5

filed and served on all creditors and the United States Trustee a *Notice of Filing of Trustee's Interim Final Report and Notice of Filing of Request for Payment of Administrative Expense* (Dkt. No. 70). However, Ross failed to serve that *Notice* on the Office of the Attorney General of the District of Columbia and the three nonprofit entities designated to receive the surplus funds.[3]

Creditors have no reason to object to the *Report*: they are being paid in full with statutory interest, and will not be affected by whether a 5% commission is charged on the surplus proceeds.[4] The three designated nonprofit entities designated to receive the surplus funds have a direct stake in that issue of whether the funds they received are reduced by allowing Ross a 5%

---

[3] In any event, the *Notice* did not specifically indicate that Ross was treating his total commission as based on charging a 5% commission against the surplus funds (although necessarily the aggregate commission under 11 U.S.C. § 326(a) on $673,029.93 in estate funds could not have equaled the $36,901.50 amount Ross sought unless the surplus funds were subject to a 5% commission).

[4] The office of the United States Trustee did not object to the *Interim Trustee's Final Report* with respect to Ross's proposed 5% commission on surplus funds. That office will not be adversely affected by Ross's receipt of a 5% commission. However, it has authority under 28 U.S.C. § 576(a)(3)(A), if it "considers it to be appropriate," to comment on an application for compensation and to file an objection to the requested 5% commission on surplus funds. Before the deadline for objecting to the *Interim Trustee's Final Report* expired, the court had not previously identified as an issue whether the three nonprofit entities should be treated as standing in the shoes of the debtor such that Ross was not entitled to a 5% commission on the distribution of surplus funds. The United States Trustee should be allowed to take a position regarding that issue.

6

commission.  And the Office of the Attorney General of the District of Columbia may also have an interest in maximizing the amount of surplus funds received by the three nonprofit entities that provide nonprofit services at least in part in the District of Columbia.

These entities most directly affected by the issue have not been given fair notice of the opportunity to object to Ross's proposal that he receive a commission of 5% on the surplus funds distributed to the three nonprofit entities, and to address whether the three nonprofit entities ought to be treated as standing in the shoes of the debtor (whose receipt of distributions are not subject to a trustee's commission).  It is thus

> ORDERED that by April 28, 2020:
> - the Office of the Attorney General of the District of Columbia;
> - Headwaters Relief Organization Incorporated; HOPE Animal-Assisted Crisis Response;
> - Joseph's House, Inc.; and
> - the United States Trustee

may file objections or otherwise respond to the *Interim Trustee's Final Report* filed on March 10, 2020 (Dkt. No. 69) with respect to the proposal of that *Report* that the trustee, Bryan S. Ross, receive a commission of 5% with respect to the distributions of

7

surplus funds required to be made to Headwaters Relief Organization Incorporated; HOPE Animal-Assisted Crisis Response; and Joseph's House, Inc.[5]  It is further

ORDERED that by May 15, 2020, Ross may file a memorandum addressing the issue of whether the three nonprofit entities ought to be treated as standing in the shoes of the debtor (whose receipt of distributions are not subject to a trustee's commission), such that he is not entitled to the 5% commission he seeks on the distribution of surplus funds to those entities.

[Signed and dated above.]

---

[5]  The court is separately directing the Clerk to transmit to the three nonprofit entities and the Office of the Attorney General of the District of Columbia copies of these documents:

*Memorandum Decision and Order re Distribution of Surplus Funds* (Dkt. No. 45);

*Response to Memorandum Decision and Order re Distribution of Surplus Funds* (Dkt. No. 59); and

*Interim Trustee's Final Report* filed on March 10, 2020 (Dkt. No. 69).

Copies to:

**Via E-Transmission to E-Recipients in CM/ECF:**

Bryan Ross, Trustee
1776 K STREET NW, SUITE 200
WASHINGTON, DC 20006
202-659-2214    ysnore@aol.com

Jeffrey M. Sherman
Law Offices of Jeffrey M. Sherman
1600 N. Oak Street, Suite 1826
Arlington, VA 22209
703-855-7394
jeffreymsherman@gmail.com
[Counsel for Trustee]

Nepolina K. Chhetri
THE KATAWAL FIRM PLLC
701 Pennsylvania Ave NW 1015
Washington DC 20004
Nepolina@katawallaw.com
(202) 656-8369
[Special Counsel for Trustee]

Joseph A. Guzinski
Asst. U. S. Trustee
Office of U.S. Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

**Via BNC Mailing via USPS:**

Joseph's House
1730 Lanier Place NW Washington, DC 20009

Headwaters Relief Organization, Inc.
9400 Golden Valley Road
Golden Valley, MN 55427

HOPE Animal-Assisted Crisis Response
1292 High Street, #182
Eugene, OR 97401

**Via Clerk's Using E-Mail to:**

Nancy L. Alper; Brian Caldwell; Headwaters Relief Organization, Inc.; and Joseph's House via E-Mail at these respective e-mail adresses:

    nancy.alper@dc.gov
    brian.caldwell@dc.gov
    info@headwatersrfelief.org
    info@josephshouse.org

with the subject matter denoted to be:

    Notice of Opportunity to Oppose Trustee's Receiving 5% Commission on Distributions of Surplus Funds to Three Nonprofit Entities (Case No. 19-00026)